**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO.   16-06204   BKT** |
| **JUAN ALVIRA CINTRON** | **Chapter 13** |
| | **Adversary No.   18-00089** |
| **Debtor(s)** | |
| **JUAN ALVIRA CINTRON** | |
| **Plaintiff** | |
| **vs.** | |
| **MAPFRE INSURANCE;**<br>**BANCO POPULAR DE PUERTO RICO** | |
| **Defendant(s)** | **FILED & ENTERED ON 06/28/2019** |

## OPINION & ORDER

Before this court is Plaintiff/Debtor Juan Alvira Cintron's (hereinafter "Plaintiff" or "Debtor") *Reconsideration of order of dismissal against Banco Popular* [Dkt. No. 50], and Co-Defendant Banco Popular de Puerto Rico's (hereinafter "Banco Popular") *Opposition to Plaintiff's Motion for Reconsideration* [Dkt. No. 51]. For the reasons stated herein, Plaintiff's *Reconsideration of order of dismissal against Banco Popular* [Dkt. No. 50] is hereby DENIED.

## I.  Background

On July 24, 2018, Plaintiff filed the Complaint [Dkt. No. 1] against Co-Defendants MAPFRE Insurance (hereinafter "MAPFRE") and Banco Popular. The Complaint moves the court to order MAPFRE to compensate Plaintiff for the damages he suffered in his insured property.  On August 9, 2018, Banco Popular filed a *Motion to Dismiss Pursuant to F.R. CIV. P. 12(b)(6)* [Dkt. No. 13] for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). In lieu of a reply, on August 13, 2018, Plaintiff filed an *Amended Complaint* [Dkt. No. 16], where he asserts that Banco Popular acquired an insurance policy, without Plaintiff's input, and has been profiting from Debtor's payments. Plaintiff requests the court order both Banco Popular and MAPFRE to compensate Plaintiff for the damages he suffered in his insured property.  Banco Popular filed an *Answer to the Amended Complaint* [Dkt. No. 17] raising multiple affirmative defenses (i.e., the Complaint fails to state a cause of action in which relief may be granted; Banco Popular is not legally responsible for damages to Plaintiff's property; Plaintiff did not cite any legal grounds under which Banco Popular would be responsible for Plaintiff's damages; and Plaintiff did not present evidence of having submitted a claim for damages).

On September 25, 2018, this court entered an *Order* [Dkt. No. 18] dismissing Plaintiff's Complaint, as to Banco Popular, for his failure to timely reply to the motion to dismiss.[1] Plaintiff's reconsideration argues that by filing the amended complaint, Plaintiff was addressing Banco Popular's motion to dismiss. Banco Popular states in its opposition that Plaintiff fails to meet the standards for reconsideration under Fed. R. Civ. P. Rule 60.

## II.    Discussion

Under a Rule 60(b)[2] motion for reconsideration, a court may relieve a party from a final judgment, order or proceeding only if the moving party can establish within a reasonable time - under extraordinary circumstances - (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Backlund v. Barnhart, 778 F.2d 1386, 1387 (9thCir.1985); Twentieth Century–Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted) ("Relief under Rule 60(b)(6) must be requested within a reasonable time and is available only under extraordinary circumstances.").

The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006). In sum, counsel in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003).

Plaintiff fails to establish any of the required legal factors for reconsideration discussed above. Moreover, the procedural arguments raised have no merit. The motion to dismiss was not replied to by the Plaintiff. An amended complaint, in and of itself, does not qualify as an answer.

---

[1]Subsequently, on September 27, 2018, this court entered a *Partial Judgment* [Dkt. No. 19] dismissing the instant case as to Co-Defendant Banco Popular.

Rather, the arguments presented are an attempt by Plaintiff to circumvent his failure to answer the motion to dismiss. After considering the factual and legal arguments brought forth, the court finds that Plaintiff's motion neither provides the court with a genuine reason as to why the court should revisit its prior order, nor compelling facts or law in support of reversing the prior decision. The Court concludes that Plaintiff's arguments under Rule 60 are meritless and that dismissal as to Co-Defendant Banco Popular was appropriate in this case.

WHEREFORE, IT IS ORDERED that Plaintiff's *Reconsideration of order of dismissal against Banco Popular* [Dkt. No. 50] is hereby DENIED.

SO ORDERED

San Juan, Puerto Rico, this 28th day of June, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

---

[2]Fed. R. Civ. P. 60 is made applicable to bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9024.